REQUESTED BY: Wallace M. Barnett State Fire Marshal
Do the State Fire Marshal and the personnel of his office whose duties include inspections and investigations of fires fall within the definition of "law enforcement officer" contained within Neb.Rev.Stat. § 81-1401(3)(1)?
No.
You have inquired whether the investigative personnel of the State Fire Marshal's office fall within the term "law enforcement officer" as defined by Neb.Rev.Stat. §81-1401 (Reissue 1981). Section 81-1401 states, in pertinent part:
 (3)(a) Law enforcement officer shall mean any person who is responsible for the prevention or detection of crime or the enforcement of the penal, traffic, or highway laws of the state or any political subdivision thereof for more than one hundred hours per year and is authorized by law to make arrests. Arson is a crime in this state. Neb.Rev.Stat. § 28-303, 502-54 (Reissue 1979). The State Fire Marshal is charged with the duty "to enforce all laws of the state relating to the suppression of arson and the investigation of the cause, origin and circumstances of fires." Neb.Rev.Stat. § 81-502 (Reissue 1979). See also, Neb.Rev.Stat. § 81-508 (Reissue 1979).
The State Fire Marshal is thus "responsible for the prevention or detection of crime" and to that extent fulfills the first portion of the § 81-1401(3)(a) definition of "law enforcement officer." Yet, the §81-1401(3)(a) definition of "law enforcement officer" is in the conjunctive and thus further requires the person in question to be "authorized by law to make arrests." We find no such authority vested in the State Fire Marshal, his subordinates or delegates, e.g., Neb.Rev.Stat. § 81-508
(Reissue 1981) provides, in pertinent part:
 The State Fire Marshal shall, when in his opinion further investigation is necessary, take or cause to be taken the testimony on oath of all persons supposed to be cognizant of any facts or to have any means of knowledge in relation to the matter as to which an examination is herein required to be made, and shall cause the same to be reduced to writing. If he shall be of the opinion that there is evidence sufficient to charge any person with the crime of arson, he shall file complaint with the county attorney, who shall cause such person to be arrested and charged with such offense. This absence of the authority to arrest would resolve our inquiry were it not for the remainder of the language of § 81-1401(3)(a), to-wit:
 Law enforcement officer . . . includes but is not limited to:
 (v) A full-time employee of an organized and paid fire department of any city of the metropolitan class, who is a authorized arson investigator, and whose duties consist of determining the cause, origin, and circumstances of fires or explosions, while on duty in the course of an investigation. Initially, this language would seem to encompass a class of persons exercising exactly the same duties as the personnel of the State Fire Marshal's office and who, in fact, exercise those duties solely by virtue of a delegation of authority from the State Fire Marshal. See, § 81-502.
However, Neb.Rev.Stat. § 14-709 (Reissue 1983) appears to provide the distinguishing factor, for it provides:
 Any person who is a sworn member of an organized and paid fire department of any city of the metropolitan class and who is an authorized arson investigator for such city in order to determine the cause, origin, and circumstances of fires, shall be classified as a peace officer while on duty and in the course of any such investigation. Such person shall possess the same powers of arrest, search and seizure, and the securing and service of warrants as police officers of such city. While on duty and in the course of any such investigation, such person may carry such weapons as may be necessary, but only if that person has satisfactorily completed a training program offered or approved by the Nebraska Law Enforcement Training Center or equivalent training offered by such city. Such training need not include exposure to vehicle and traffic law, traffic control and accident investigation, or first aid. Thus, authorized arson investigators employed by a city of the metropolitan class possess the authority to arrest which is not possessed by the personnel of the State Fire Marshal's office. It is the presence of the authority to arrest that completes the definition of "law enforcement officer" under § 81-1401 and triggers the applicability of the training requirements of § 81-1401 et seq.
By the same token, it is the absence of the authority to arrest in the State Fire Marshal and his personnel which presently excludes them from the § 81-1401 definition of "law enforcement officer" and, in our opinion, eliminates any need for the State Fire Marshal or his personnel to participate in the training required of "law enforcement officers" by § 81-1401 et seq. Insofar as qualified local fire prevention personnel and those authorities designated by Neb.Rev.Stat. § 81-506 (Reissue 1981) are concerned, they need not participate in § 81-1401 required training unless they possess both the duty to investigate possible arson and the authority to arrest.
Yours truly,
ROBERT M. SPIRE Attorney General
J. Kirk Brown Assistant Attorney General